IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03490-TPO

RONALD RUJUMBA,

Petitioner,

v.

ROBERT HAGAN, ICE Field Director,
TODD LYONS, Acting ICE Director, and
JUAN BALTAZAR, Warden,

Respondents.

---

# ORDER

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF 1. Petitioner is "in custody" for § 2241 purposes because he is detained at the Immigration and Customs Enforcement (ICE) Denver Contract Detention Facility in Aurora, Colorado. *Id*. at 3. After initial review, this matter was directly reassigned pursuant to D.C.COLO.LCivR 8.1(c). ECF 3.

Petitioner is a native and citizen of Uganda. ECF 1 at 8; ECF 1-1 at 25. Petitioner entered the United States on March 20, 2019 on a B1/B2 visa. ECF 1 at 8. He later received a work permit. *Id*. Petitioner was arrested on a criminal charge on April 29, 2025, and that criminal case remains pending in Massachusetts. *Id*. at 9. Petitioner entered immigration custody on May 16, 2025, and he has remained in immigration custody since then. *Id*. Petitioner states that the immigration court has ordered him removed to Uganda. *Id.* at 10. Petitioner states that his passport was stolen. *Id*. at 11.

The record is unclear when a final removal order was entered against Petitioner. The record does contain a Board of Immigration Appeals notice which informed Petitioner that it had rendered a decision on March 6, 2026 and that nothing was pending in his case as of March 27, 2026. ECF 1-1 at 19.

Construing Petitioner's application broadly, Petitioner appears to assert 8 U.S.C. § 1231 as the basis of his current detention. ECF 1 at 13. Petitioner challenges the lawfulness of his detention arguing that the length of his ongoing detention exceeds what *Zadvydas v. Davis*, 533 U.S. 678 (2001) says is reasonable for due process purposes. It is unlikely, he asserts, that he will be removed in the reasonably foreseeable future. ECF 1 at 17. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.

After preliminary consideration of the Petition, this Court ORDERS as follows:

On or before **August 17, 2026**, the Respondents shall show cause why the Petition should not be granted.

In their briefings, the Parties shall address the current status of Petitioner's immigration case and the statutory basis for Petitioner's current detention. The Parties also shall address whether a final order of removal has been entered. If a final order of removal has been entered, the Parties shall address when it was entered; what steps Respondents have taken to effect his removal; and the likelihood of removal.

By the same deadline of **August 17, 2026**, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 3-1].

On or before **September 4, 2026**, Petitioner may file a Reply in support of the Petition.

SO ORDERED.

DATED at Denver, Colorado, this 10th day of August, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge