IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03490-PAB

RONAL RUJUMBA,

Petitioner,

v.

ROBERT HAGAN, ICE Field Director,
TODD LYON, Acting ICE Director, and
JUAN BALTAZAR, Warden,

Respondents.

---

ORDER

---

This matter is before the Court on Petitioner Ronald Rujumba's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 10.

## I. BACKGROUND

Petitioner is a federal immigration detainee who was detained at the Aurora Detention Center in Aurora, Colorado. Petitioner was ordered to be removed to his home country of Uganda. Docket No. 1 at 10.

On July 31, 2026, petitioner filed a habeas petition asserting that his detention since May 16, 2025 violated the Fifth Amendment of the United States Constitution and the Immigration and Nationality Act. *Id*. at 12 -18.

On August 14, 2026, respondents filed a response to the order to show cause. Docket No. 10. Respondents stated that petitioner was removed from the United States on July 27, 2026, before his petition was docketed on July 31, 2026, and that the

petition should therefore be denied as moot. Mail sent to petitioner by the Court has been returned as undeliverable. Docket No.14.

## II. ANALYSIS

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Federal courts have no authority to give an opinion upon a question that is moot due to events that occur during the pendency of the action. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

When a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002).

The record before the Court indicates that petitioner was removed from the United States and is no longer in the custody of United States immigration officials. There is no indication in the file that any of the *Riley* exceptions apply. Petitioner's claims challenging the constitutionality and legality of his detention are therefore moot.

*See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (concluding that a habeas petition was “moot” because petitioner’s “removal order has been executed, and, thus, [petitioner] is no longer in the custody of the [Department of Homeland Security] to benefit from … release”).

## III. CONCLUSION

Therefore, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) is **DENIED as moot**. It is further

**ORDERED** and this action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

DATED August 20, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge